UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| LULA ROGERS,<br><br>    Plaintiff,<br><br>v.<br><br>COMMUNITY CARE SYSTEMS and<br>DEPARTMENT OF HUMAN SERVICES,<br><br>    Defendants. | Case No. 13-2015 |

## REPORT AND RECOMMENDATION

In January 2013, Plaintiff Lula Rogers, proceeding *pro se*, filed a Complaint against Defendants Community Care Systems (CCS) and the Illinois Department of Human Services (DHS), alleging that Defendants discriminated against her on the basis of color, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. In March 2013, DHS and CCS each filed a Motion To Dismiss For Failure To State a Claim (#25, #28). In April 2013, Plaintiff filed her responses in opposition (#31, #32).

After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that DHS's Motion To Dismiss for Failure To State a Claim (**#25**) be **GRANTED** and that CCS's Motion To Dismiss for Failure To State a Claim (**#28**) be **GRANTED**.

### I. Background

In June 2012, Plaintiff, formerly a personal assistant in the home healthcare industry, filed a charge of discrimination based on race with the Illinois Department of Human Rights (IDHR) and Equal Employment Opportunity Commission (EEOC), naming her former employer CCS as a respondent, but not DHS. (#1-1, p. 2.) In her EEOC charge, Plaintiff alleged:

   1. My race is black.
   2. My performance as a personal assistant met Respondent's legitimate expectations. I was hired August 1, 2011.

> 3. On August 21, 2011 I was discharged. The reason given by Carol Gabriellson, manager, was because I had theft in my background.
> 4. Non-black employees were not treated similarly.

(#1-1, p. 2.) In November 2012, the EEOC issued a Notice of Right To Sue, which also named CCS, but not DHS. (#1-1, p. 1.)

For her Complaint with this Court, Plaintiff, using this Court's form complaint for *pro se* employment discrimination cases, checked the box for discrimination on the basis of color, in violation of Title VII, and checked the "other" box and filled in "I am being black ball From getting employment." (#1, p. 2.) Plaintiff alleges that CCS terminated her employment in August 2011 and that she is "being black ball, because my background theft." (#1, p. 3.) Describing the essential facts of her claims, Plaintiff states:

> one company but a Red Flag on my background, the other company said I took a sam's card Frome the company. the reason the seconde company try to Frame me because i had a old theft charge 33 year ago these people have stop Jobs From call me with this on my record. [sic]

(#1, p. 4.) Based on Plaintiff's responses to Defendants' motions to dismiss, it appears that Plaintiff means that DHS was the first company that put a red flag on her background due to her old theft charge, and that CCS was the second company that tried to frame her due to her old theft charge.[1] Plaintiff asks the Court to "direct the defendant to sue" (#1, p. 4) and seeks damages and other relief available under Title VII.

## II. Legal Standard

A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), serves to test the sufficiency of the complaint, not to decide the merits of the case. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, the complaint

---

[1] The Court acknowledges that a response to a motion to dismiss is not a recognized pleading, *see* FED. R. CIV. P. 7(a), and that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). However, in the interest of liberally construing Plaintiff's *pro se* Complaint, the Court uses Plaintiff's responses simply to shed light on the meaning of the allegations in her Complaint.

need only contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, the allegations in the complaint must, one, be detailed enough to "give the defendant 'fair notice of what the claim is and the grounds upon which it rests,'" and, two, "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 554, 555) (alteration omitted).

In considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations in the pleadings, though it is well-settled that the Court "may consider documents attached to or referenced in the pleading if they are central to the claim," *see Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012), such as EEOC charges attached to a Title VII complaint, *see Hall v. Walsh Constr. Co.*, No. 11 CV 08706, 2012 WL 3264921, at *1 n.4 (N.D. Ill. Aug. 9, 2012) (collecting cases); *see also Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (considering EEOC charge and affirming 12(b)(6) dismissal of defendant not named in EEOC charge). The Court must evaluate the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *AnchorBank*, 649 F.3d at 614. Importantly, however, the Court does not accept as true mere legal conclusions, unsupported by allegations, or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks omitted)).

### III. Analysis

CCS contends that this Court must dismiss Plaintiff's Title VII claim because Plaintiff has pled herself out of court by alleging facts that refute her claim of racial discrimination. DHS argues that this Court must dismiss Plaintiff's Title VII claim because Plaintiff failed to name DHS as a respondent in her EEOC charge and, even if the Court could hear Plaintiff's claim, she fails to state a claim of racial discrimination.

### A. CCS's Motion to Dismiss

CCS argues that Plaintiff fails to state a Title VII claim of racial discrimination because she has alleged facts that refute her claim. "[I]n order to prevent dismissal under Rule 12(b)(6), a complaint alleging [employment] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [protected status]." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). "[O]nce a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim." *Concentra Health Servs.*, 496 F.3d at 782.

Construing Plaintiff's Complaint liberally to her *pro se* status, the Court finds that, by checking the box for racial discrimination and indicating CCS fired her, Plaintiff would state a claim for racial discrimination, had she not also alleged facts that refute her claim that CCS fired her on the basis of race. *See Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) ("[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." (citing *McCready v. eBay, Inc.*, 453 F.3d 882, 88 (7th Cir. 2006))). Plaintiff's EEOC charge stated that, although CCS claimed to fire Plaintiff on the basis of a prior theft conviction, CCS actually fired her on the basis of race. In her Complaint with this Court, however, Plaintiff checks the box for racial discrimination but actually alleges that, although CCS claimed to fire her because she stole a client's Sam's Club card, the real reason was because CCS learned of Plaintiff's prior theft conviction: "The other company said I took a sam's card frome the company. the reason the seconde company try to frame me because i had a old theft charge 33 year ago these people have stop Jobs From call me with this on my record [sic]." (#1, p. 4.) Plaintiff's response to CCS's motion to dismiss emphasizes that Plaintiff claims she was fired due to her prior theft conviction: "When Community Care Systems see I had a 33 year old theft charged, that when she try to stay I took someone cred car." (#32, p. 1.) Because Plaintiff alleges that CCS fired her due to her prior theft conviction, not her race, her Title VII claim fails. Nothing in Title VII prohibits employers from firing employees due to prior convictions.

4

### B. DHS's Motion to Dismiss

DHS argues that the Court must dismiss Plaintiff's Title VII claim because Plaintiff failed to name DHS in her EEOC charge. A plaintiff must file a charge with the EEOC before filing a civil suit under Title VII. 42 U.S.C. § 2000e-5(f)(1). Typically, a plaintiff may not sue a party under Title VII that she did not name as a respondent in an EEOC charge. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008)); *see also Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989) ("[T]he reason behind the requirement that allegations not contained in an EEOC charge cannot be contained in the complaint is that the defendant must have notice of the charge, and the EEOC must have the opportunity to investigate and conciliate the charge, in order to attempt to obtain voluntary compliance with Title VII."). However, the Seventh Circuit recognizes an exception to the aforementioned rule "where the 'unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance.'" *Alam*, 709 F.3d at 666 (quoting *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981)). To meet the *Eggleston* exception, a plaintiff must allege that the party "had notice of the EEOC charge against it and an opportunity to participate in conciliation proceedings." *Alam*, 709 F.3d at 666.

Here, Plaintiff failed to name DHS as a respondent in her EEOC charge. Furthermore, Plaintiff's complaint contains no allegations to suggest that DHS had adequate notice of the EEOC charge or was afforded the opportunity to participate in conciliation proceedings. Thus, the *Eggleston* exception does not apply, and Plaintiff's claim against DHS should be dismissed.

Alternatively, DHS argues that, even if the Court determines it can hear Plaintiff's Title VII claim, the Court should dismiss it because Plaintiff fails to state a plausible claim of race discrimination. It is unclear from Plaintiff's Complaint when she worked for DHS, and it does not appear that DHS was involved in the decision to fire Plaintiff in August 2011, as CCS was her employer at that time. Plaintiff's claim against DHS is that DHS put a red flag on her background due to prior theft conviction, which then led CCS to fire her. Again, Title VII does not prohibit an employer from taking an adverse action against an employee, such as placing a

5

red flag on the employee's background, on the basis of the employee's criminal record. Therefore, even if DHS qualifies as Plaintiff's employer for Title VII purposes, Plaintiff does not state a plausible claim of race discrimination against DHS.

Accordingly, both because Plaintiff did not name DHS in her EEOC charge and because her claim of race-based discrimination against DHS is not plausible, this Court recommends that DHS's Motion to Dismiss be granted.

### IV. Summary

For the reasons stated above, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that DHS's Motion To Dismiss for Failure To State a Claim (**#25**) be **GRANTED**, that CCS's Motion To Dismiss for Failure To State a Claim (**#28**) be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED without prejudice**.

It appears that Plaintiff is alleging discrimination based on her criminal record, not her race. Title VII does not prohibit such discrimination. However, because Plaintiff is proceeding *pro se*, the Court recommends granting Plaintiff fourteen (14) days to amend her Complaint so that she may explain if she is actually claiming race discrimination by CCS and DHS, and to allege whether DHS was given the opportunity to participate in the EEOC conciliation process, despite Plaintiff's failure to name DHS in her EEOC charge.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

ENTERED this 25th day of July, 2013.

                                                    s/DAVID G. BERNTHAL
                                                  UNITED STATES MAGISTRATE JUDGE