UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| LULA ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 13-CV-2015 |
| COMMUNITY CARE SYSTEMS and ) | |
| DEPARTMENT OF HUMAN SERVICES, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On July 25, 2013, Magistrate Judge David G. Bernthal filed a Report and Recommendation (#34) in the above cause. Judge Bernthal recommended granting the Motions to Dismiss (#25, #28) filed by Defendants Department of Human Services (DHS) and Community Care Systems (CCS). Judge Bernthal concluded that Plaintiff's claim against CCS must be dismissed because she alleged that CCS fired her due to her prior theft conviction, not her race. Therefore, Plaintiff's Title VII claim failed. Judge Bernthal also concluded that Plaintiff's claim against DHS must be dismissed because she failed to name DHS as a respondent in her EEOC charge and because Plaintiff's claim against DHS was that DHS put a red flag on her background due to her prior theft conviction, which led CCS to fire her. Judge Bernthal noted that "Title VII does not prohibit an employer from taking an adverse action against an employee, such as placing a red flag on the employee's background, on the basis of the employee's criminal record." Judge Bernthal concluded that Plaintiff did not state a plausible claim of race discrimination against DHS.

On August 12, 2013, Plaintiff, Lula Rogers, filed a pro se document which this court has construed as an Objection to the Report and Recommendation (#35). Plaintiff has provided no allegations or argument regarding discrimination on the basis of her race and,

instead, said that she was "Redflag[ged]" and Blackball[ed]" and told she was a "Little trouble maker."

This court has carefully reviewed Judge Bernthal's thorough and well-reasoned recommendation and Plaintiff's pro se Objection. Following this court's careful de novo review, this court agrees with Judge Bernthal's recommendation that the Motions to Dismiss (#25, #28) should be granted. This court also agrees with Judge Bernthal that, because Plaintiff is proceeding pro se, the dismissal should be without prejudice and Plaintiff should be allowed fourteen days to amend her Complaint so that she may explain if she is actually claiming race discrimination by CCS and DHS, and to allege whether DHS was given the opportunity to participate in the EEOC conciliation process, despite Plaintiff's failure to name DHS in her EEOC charge.

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#34) is accepted by this court.

(2) Defendants' Motions to Dismiss (#25, #28) are GRANTED.

(3) Plaintiff is allowed fourteen days to amend her Complaint so that she may explain if she is actually claiming race discrimination by CCS and DHS, and to allege whether DHS was given the opportunity to participate in the EEOC conciliation process, despite Plaintiff's failure to name DHS in her EEOC charge.

ENTERED this 19th day of August, 2013

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE