**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **LULA ROGERS,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**COMMUNITY CARE SYSTEMS and**<br>**DEPARTMENT OF HUMAN SERVICES,**<br><br>    **Defendants.** | Case No. 13-2015 |

**REPORT AND RECOMMENDATION**

In January 2013, Plaintiff Lula Rogers, proceeding *pro se*, filed a Complaint (#1) against Defendants Community Care Systems (CCS) and the Illinois Department of Human Services (DHS), alleging that Defendants discriminated against her on the basis of color, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e.  In March 2013, DHS and CCS moved to dismiss Plaintiff's Complaint for failure to state a claim.  In August 2013, the Court dismissed Plaintiff's claims because, as best the Court could tell from the Complaint, Plaintiff alleged that she was terminated on the basis of her criminal record, not on the basis of race.  Furthermore, Plaintiff did not name DHS in her EEOC charge and did not allege in her Complaint that DHS was, nevertheless, able to participate in EEOC conciliation process.  The Court granted Plaintiff leave to amend so that she could clarify if she actually claims race discrimination by CCS and DHS and to allege whether DHS was given the opportunity to participate in the EEOC conciliation process.

On August 26, 2013, Plaintiff filed her Amended Complaint (#37) against CCS and DHS. On September 5, 2013, DHS filed a Motion to Revive Motion to Dismiss (#38), and CCS filed a Motion to Dismiss Amended Complaint (#39).  Plaintiff filed a response (#42) in opposition. The Court agrees with CCS and DHS that Plaintiff fails to state a Title VII race discrimination claim.  Plaintiff's Amended Complaint alleges: "On September 11, 2011, I call State of Illinois Department of Human Rights, and talk to someone in there office, I explain what had happen, what each company had don they was the one that decide it was discriminal." (#37, p 1.)  She

adds on the next page, "I have tryed to do everything in the cases, I am not trying to bring discrimination, like I say it was state of Illinois Department of Human Rights." (#37, p. 2.) Plaintiff has pled herself out of court by specifically stating she is not claiming discrimination. Furthermore, the Court has reviewed all of Plaintiff's materials and cannot discern any other claim against DHS and CCS that would invoke this Court's jurisdiction.

Therefore, the Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that DHS's Motion to Revive Motion to Dismiss **(#38)** and CCS's Motion to Dismiss Amended Complaint **(#39)** be **GRANTED** and that this case be terminated, without prejudice as to any claims Plaintiff may wish to bring in state court.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 25th day of September, 2013.

                                                      s/DAVID G. BERNTHAL
                                          UNITED STATES MAGISTRATE JUDGE